J-S04022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO KELLY | : | |
| | : | |
| Appellant | : | No. 892 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 29, 2024
In the Court of Common Pleas of Delaware County
Criminal Division at No:  CP-23-CR-0003396-2022

BEFORE:   OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 30, 2025**

Appellant, Antonio Kelly, appeals from the trial court's February 29, 2024, judgment of sentence imposing life imprisonment without parole for second-degree murder and a consecutive 90 to 180 months of incarceration for robbery of a motor vehicle, conspiracy, and firearms offenses.  We affirm.

On April 7, 2021, Appellant and another individual stole a Volkswagen Jetta in Upper Darby, Delaware County.  Two days later, on April 9, 2021, the stolen Jetta—identified by front end damage and a bumper sticker—was seen near 7200 Ruskin Lane in Upper Darby.  Surveillance footage revealed that the vehicle's original New Jersey license plate had been replaced with a Delaware license plate.  Footage also revealed two men leaving the Jetta,

_____

[*] Retired Senior Judge assigned to the Superior Court.

walking down Ruskin Lane, and running back to the Jetta shortly thereafter. Richard Edwards placed a 911 call asking for help because he had been shot by two men trying to rob him. The 7200 block of Ruskin Lane was the site of the shooting, and the shooting occurred while the two men seen on surveillance footage were away from the Jetta. Edwards was hospitalized and died of his wounds later that day.

On April 13, 2021, officers spotted the stolen Jetta with the Delaware plate near the 7200 block of Guilford Road in Upper Darby. The vehicle fled from an attempted stop, and the pursuit was called off. Authorities finally recovered the stolen Jetta on April 16, 2023, in Philadelphia. From it, police recovered an Apple Watch later identified as Appellant's. Appellant's fingerprints and DNA were recovered from the vehicle's shift knob and control knobs. The murder weapon was recovered from a search of the home of Terrance Howard, the other person who was with Appellant at the time of the shooting.

On January 12, 2024, at the conclusion of a four-day trial, a jury found Appellant guilty of the second-degree murder of Edwards, robbery of and conspiracy to rob Edwards, robbery of and conspiracy to rob an automobile belonging to victim Lincoln Russ, robbery of and conspiracy to rob Russ, and carrying a firearm without a license. The trial court imposed sentence as set forth above. This timely appeal followed.

All of Appellant's assertions of error, which we paraphrase for clarity, relate to his conviction for second-degree murder. Appellant argues that this conviction cannot stand because the Commonwealth failed to produce sufficient evidence that he was a principal or accomplice in the robbery of Edwards. He also argues that the felony that underlies a conviction for second-degree murder cannot arise from coconspirator liability, and that the trial court erred in instructing the jury otherwise. Appellant's Brief at 4-6. We address these issues in turn.

Our standard of review is well-settled:

> Our standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to enable the fact[-]finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt.
>
> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence…. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Pledger*, 332 A.3d 29, 34 (Pa. Super. 2024).

"A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). The Pennsylvania

- 3 -

Crimes Code defines robbery as follows: "A person is guilty of robbery if, in the course of committing a theft, he … inflicts serious bodily injury upon another[.]" 18 Pa.C.S.A. § 3701(a)(1)(i). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S.A. § 3701(a)(2).

> The constituent element of second degree murder is the killing of a person in the course of committing a felony. It is not necessary to find the appellant guilty of a felony before a finding of second degree murder. If that were the case, no second degree murder verdict could be entered without first charging and finding the party guilty of the underlying felony. What is required is that the actor be found guilty of a homicide in the progress of committing a felony with sufficient evidence to establish a felony was in process and the killing occurred.

*Commonwealth v. Munchinski*, 585 A.2d 471, 483 (Pa. Super. 1990), *appeal denied*, 600 A.2d 535 (Pa. 1991).

Appellant argues that § 2502(b), by its express terms, requires that the perpetrator be a principal or accomplice—not a coconspirator—in the underlying felony. Appellant argues that he was, at most, a coconspirator and that his conviction under § 2502(b) cannot stand. Appellant's argument rests on his own version of the facts, wherein Howard suggested robbing Edwards and then immediately left the Jetta without Appellant. Appellant claims he heard gunfire shortly after Howard left the Jetta. Appellant also argues there is no evidence of a robbery because there is no evidence that any items were stolen from the victim's person. As we will demonstrate, this argument fails because it is inaccurate under the law and the facts.

- 4 -

On the law, a robbery occurs where the perpetrator inflicts serious bodily injury during an **attempt** to commit a theft. 18 Pa.C.S.A. § 3701(a)(2). The law does not require proof that the perpetrator took anything from the victim. Thus, the absence of any evidence that anything was taken from the victim is immaterial.

Appellant's argument also ignores several critical facts introduced at trial. The trial court provided the following summary, which finds support in the record:

> In his statement to Detective [Leo] Hanshaw, Appellant said that on April 9, 2021, he was driving around with another male, Terrance Howard, and Howard suggested that they rob the person they saw walking down the street. He stated he did not think his cohort was serious, but then Howard 'hopped' out of the car, said something to Edwards, and then Appellant heard a shot. Video footage presented by the Commonwealth showed two men getting out of the vehicle and going down Ruskin Lane and then running back to the [stolen Jetta] shortly thereafter. Furthermore, Mr. Edwards told police, as overheard on the 911 call, that the two men who shot him were trying to rob him. This evidence is sufficient for the jury to conclude that 'in the course of committing a theft' Appellant caused serious bodily injury to another. Ample other evidence was presented to show that Appellant was actually the shooter in this case or was an accomplice in the shooting. For example, Appellant was seen on video with the gun in his waistband and he admitted to being at the scene of the murder.

Trial Court Opinion, 7/3/24, at 7.

As this summary makes clear, the surveillance footage and the record of the victim's 911 call do not support Appellant's self-serving recitation of the facts. Read in a light most favorable to the Commonwealth as verdict winner, the record reflects that Appellant was in the stolen Jetta with Howard when

- 5 -

Howard suggested that they rob the victim. Surveillance footage depicted **two** men, not one, walking toward the scene of the murder and running back to the Jetta afterward. Of those two, Appellant was the one with the firearm in his waistband. The victim told the 911 dispatcher he was shot by two men who were trying to rob him. Thus, the record supports a reasonable inference that Appellant inflicted serious bodily injury on the victim during the commission or attempted commission of a theft, or in flight after the commission. Those facts meet the statutory definition of robbery under § 3701, and they are sufficient to support a finding that Appellant acted as a principal in the commission thereof. And because the victim later died from his wounds, the record contains sufficient evidence in support of Appellant's conviction for second-degree murder.

Appellant's remaining arguments, regarding coconspirator liability and the trial court's jury instruction, arise in part from our Supreme Court's opinion in **Commonwealth v. Chambers**, 188 A.3d 400 (Pa. 2018). There, the Supreme Court granted allowance of appeal to consider "the question of whether common law [conspiratorial] liability exists in our statutorily codified system of substantive criminal law." **Id.** at 409. The trial court in that case found the defendant substantively liable for the actions of others under a theory of common law conspiracy. Finding insufficient evidence of a conspiracy, the Supreme Court did not reach the question of whether common law conspiracy (as opposed to statutory conspiracy under 18 Pa.C.S.A. § 903)

remains viable in Pennsylvania.  ***Id.*** at 415.  Then-Chief Justice Saylor would have prospectively disapproved the common law application of conspiracy as derived from ***Pinkerton v. United States***, 328 U.S. 640 (1946).  ***Id.*** at 415-16 (Saylor, C.J., concurring).

We need not address the merits of Appellant's coconspirator liability arguments here, as we have already concluded that the facts support a finding that he acted as a principal in the robbery of Edwards.  In any event, ***Chambers*** is legally and factually inapposite.  The Supreme Court made no binding announcement on the continued viability of common law conspiracy, and the facts of that case are distinct from those at issue here.  Here, as in ***Chambers***, the question of the continued viability of common law conspiracy must await another day.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/30/2025